79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharareh KHOSROWPANAH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1996.*
Decided March 6, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Sharareh Khosrowpanah, a native and citizen of Iran, petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") denying her political asylum and withholding of deportation. We affirm.
 
 
 3
 Khosrowpanah entered the United States in March of 1988 on a visitor's visa. She later applied for and was granted two extensions of her visa; her third application, however, was denied and she was ordered to depart the United States by February 1, 1989. As a result of her failure to do so, deportation proceedings were initiated on April 13, 1989. Nine months later, she applied for asylum and withholding of deportation.
 
 
 4
 The BIA's denial of asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Review is for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The BIA's decision whether to withhold deportation is reviewed for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 
 5
 In order to qualify for asylum, a petitioner must demonstrate "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). In order to be eligible for withholding of deportation, an alien must demonstrate "a clear probability of persecution," INS v. Stevic, 467 U.S. 407, 413 (1984), a more stringent standard than that employed in evaluating asylum claims. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987).
 
 
 6
 Khosrowpanah has made a showing of neither. While her father was a general in the Shah's army and was jailed for 4 years after the Islamic Revolutionary Government seized the reins of power in Iran, she has put forward no evidence demonstrating that either he or any of her other family members remaining in Iran are currently the targets of "threats or acts of violence ... [that would] support the conclusion that [her] life or freedom is endangered." Hernandez-Ortiz v. INS, 777 F.2d 509, 515 (9th Cir.1985).
 
 
 7
 Additionally, Khosrowpanah has failed to demonstrate that she herself has at any time been persecuted by the Iranian government. After the Islamic Revolutionary Government came to power, she joined a political group which espoused an approach to Islam more liberal than that of the government, but she left the group in 1982. She remained in Iran for another five years, during which time she engaged in no more political activity. She obtained her bachelor of science degree from an Iranian university and subsequently went to work in a laboratory affiliated with that institution. While she claims that she was denied the opportunity to complete her studies in her chosen major and to work for the government, these claimed deprivations cannot properly be considered persecution severe enough to warrant the granting of political asylum or the withholding of deportation. Compare Shirazi-Parsa v. INS, 14 F.3d 1424 (9th Cir.1994) (reversing Board's denial of asylum where petitioner was seized, beaten, abducted, formally arrested, and interrogated about his wife's religious beliefs) with Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (affirming Board's denial of asylum where petitioner remained in home country unharmed for five years after last incident giving rise to his claim of persecution, and petitioner had not shown other "objectively reasonable grounds for fear of persecution").
 
 
 8
 Accordingly, the order of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3